In re Kenneth R. MOWRY, Debtor.

Robert H. Slone, Trustee, Plaintiff,

v.

Robert Mowry, Defendant.

Bankruptcy No. 99–24860–BM.
Adversary No. 00–2390–BM.

United States Bankruptcy Court,
W.D. Pennsylvania.

June 18, 2001.

Robert H. Slone, Mahady & Mahady, Greensburg, PA, Chapter 7 Trustee.

John S. Cupp, Jr., Cupp & Cupp, Uniontown, PA, for defendant.

Office of United States Trustee, Pittsburgh, PA.

### Complaint To Avoid Preferential Transfer

BERNARD MARKOVITZ, Bankruptcy Judge.

### MEMORANDUM OPINION

The chapter 7 trustee seeks to avoid an allegedly preferential $16,000.00 payment debtor Kenneth Mowry made to defendant. Robert Mowry seeks to recover this amount from defendant as the initial transferee of the payment.

Defendant denies that the payment was preferential and therefore is avoidable.

We find that the payment was an avoidable preference and that the chapter 7 trustee is entitled to recover the full amount thereof from defendant.

### — FACTS —

Debtor is a dairy farmer. He has served as a regional director with Pennsylvania Department of Agriculture since 1994. His duties prevent him from operating the farm on a day-to-day basis.

Defendant is debtor's son. He oversaw day-to-day operation of the farm in debtor's absence.

Because he did not have authority to write checks drawn on debtor's account to pay the farm's bills as they became due, defendant occasionally paid the bills from his own funds. For instance, defendant paid a $12,000.00 insurance premium for the farm on April 12, 1999, and paid $2,000.00 for fuel for the farm on May 6, 1999.

Debtor would reimburse defendant later on from his own funds for the bills defendant had paid. On May 17, 1999, debtor made a payment in the amount of $16,000.00 to defendant to reimburse defendant for bills he had paid from his own funds.

Debtor filed a voluntary chapter 11 petition on June 29, 1999. The schedules list assets with a declared value of $1,950,000.00 and liabilities totaling $3,200.00.00. Defendant was not listed as a creditor on the schedules. In response to question 3b of his statement of financial affairs, debtor identified defendant as an insider creditor who received a payment in the amount of $16,000.00 on May 17, 1999.

An order was issued on July 7, 1999, directing the United States trustee to appoint a chapter 11 trustee immediately. On motion by the chapter 11 trustee, the case was converted to a chapter 7 proceeding on December 2, 1999. The former chapter 7 trustee was appointed as chapter 11 trustee shortly thereafter.[1]

Debtor stated under oath at the § 341 meeting held on February 16, 2000, that the $16,000.00 payment to defendant made on May 17, 1999 was repayment for a loan.

On July 26, 2000, the chapter 7 trustee brought this adversary action against defendant to avoid the above $16,000.00 payment to defendant as a preference pursuant to § 547(b) of the Bankruptcy Code and to recover that amount from him pursuant to § 550(a)(1).

The matter was tried on April 20, 2001, at which time both sides were given an opportunity to offer evidence.

---

1. The chapter 7 trustee who brought this adversary action succeeded the previous chapter 7 trustee, whose declining health prevented him from carrying out his duties as trustee, on April 12, 2000.

## — DISCUSSION —

Subsection 547(b) of the Bankruptcy Code provides as follows:

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before the transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made—
>
> (A) on or within 90 days before the date of the filing of the petition;
>
> (B) between 90 days and one year before the filing of the petition, if such creditor at the time of the transfer was an insider; and
>
> (5) that enables such creditor to receive more than such creditor would receive if—
>
> (A) the case were a case under chapter 7 of this title;
>
> (B) the transfer had not been made; and
>
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

A debtor is presumed to be insolvent on and during the ninety days immediately preceding the date of the filing of the petition. 11 U.S.C. § 547(f). The trustee has the burden of proving the avoidability of a preferential transfer in accordance with § 547(b). 11 U.S.C. § 547(g). This the trustee must do by proving each of the above requirements by a preponderance of the evidence. *Lawson v. Ford Motor Company (In re Roblin Industries, Inc.)*, 78 F.3d 30, 34 (2d Cir. 1996).

Subsection 547(b) has a dual purpose. It discourages creditors from racing to the courthouse to dismember a debtor during debtor's descent into bankruptcy. In addition, it facilitates the primary bankruptcy policy of equality of distribution among creditors by requiring a creditor that has received a greater payment than others of the class of which the creditor is a member to disgorge so that all members of the class may share equally on a *pro rata* basis. The second of these purposes is the more important. *Union Bank v. Wolas*, 502 U.S. 151, 160–61, 112 S.Ct. 527, 532–33, 116 L.Ed.2d 514 (1991).

Any transfer that is avoided under § 547(b) is preserved for the benefit of the bankruptcy estate. 11 U.S.C. § 551. To the extent that a transfer is avoided as a preference, the trustee may recover the property transferred or, if the court so orders, the value of such property. 11 U.S.C. § 550(a)(1).

Defendant has conceded in the joint pretrial stipulation that §§ 547(b)(3), (b)(4) and (b)(5) are satisfied in this case. That is to say, he concedes that a transfer of debtor's interest in property occurred when debtor paid defendant the sum of $16,000.00; that debtor was insolvent at the time of the transfer; that defendant was an insider and the transfer to him occurred within one year of the filing of the bankruptcy petition; and that he received more as a result of the transfer than he would receive if distribution to him were made in accordance with the requirements of chapter 7 of the Bankruptcy Code.

Defendant has not conceded, however, that §§ 547(b)(1) and (b)(2) are satisfied. He denies that the transfer was to or for the benefit of a creditor and further denies that it was made for or on account

of an antecedent debt owed by debtor that arose prior to the time of the transfer.

### I.) Is § 547(b)(1) Satisfied?

Defendant appears to deny that he was a creditor of debtor and therefore denies that the $16,000.00 payment to him debtor made on May 17, 1999, was to or for the benefit of a creditor.

Defendant's assertion is without merit. He unquestionably was a creditor of debtor when the transfer to him occurred.

Any entity having a "claim" against the debtor that arose at the time of or prior to the order for relief concerning the debtor qualifies as a "creditor" for purposes of the Bankruptcy Code. 11 U.S.C. § 101 (10)(A). Defendant, because he is an individual, qualifies as a "person" and, consequently, as such an "entity". 11 U.S.C. §§ 101(5), 101(41). It therefore follows that defendant qualifies as a "creditor" for purposes of § 547(b)(1) if he has a "claim" against debtor that arose at the time of or prior to entry of the order for relief in this case.

Any right to payment, whether or not it is reduced to judgment, is liquidated or not, is disputed or not, or is secured or not qualifies as a "claim" for purposes of the Bankruptcy Code. 11 U.S.C. § 101(5)(A). Defendant unquestionably had a "right to payment" when defendant took it upon himself to pay with his own funds certain debts owed by debtor. Moreover, the right to payment arose prior to May 17, 1999, and therefore arose prior to entry of the order for relief in this bankruptcy case.

It therefore follows that defendant was a "creditor" of debtor to whom debtor transferred the sum of $16,000.00 of debtor's own funds on May 17, 1999, and that § 547(b)(1) is satisfied in this instance.

### II.) Is § 547(b)(2) Satisfied?

Defendant also does not concede that § 547(b)(2) is satisfied in this instance. He does not admit, in other words, that the $16,000.00 payment from debtor was for or on account of an antecedent debt owed by debtor prior to when the payment was made.

Defendant's position is without merit. Subsection 547(b)(2) unquestionably was satisfied in this instance.

A "debt" is defined for purposes of the Bankruptcy Code as a "liability on a claim". 11 U.S.C. § 101(12). We previously noted that a "claim" is a "right to payment". 11 U.S.C. § 101(5)(A). It therefore follows that a "debt" is a "liability on a right to payment".

The terms "claim" and "debt" are coextensive. *In re Jersey Securities,* 180 F.3d 504, 510 (3d Cir.1999). If a creditor has a claim against a debtor, the debtor owes a debt to the creditor. *Id.* They may be characterized as opposites sides of the same coin. As one court put it, "[t]hey are but different windows on the same room". *Sigmon v. Royal Cake Co., Inc. (In re Cybermech, Inc.),* 13 F.3d 818, 822 (4th Cir.1994).

We have determined that defendant had a claim against debtor—i.e., a right to payment—against debtor arising out of defendant's payment of certain debts owed by debtor prior to May 17, 1999. From this it follows that debtor owed a concomitant debt to defendant before debtor paid defendant $16,000.00 from his own funds.

### III.) Defendant's "Defenses".

Although defendant has not asserted any of the "exceptions" to § 547(b) that are set forth at § 547(c), he has raised other matters in opposing the trustee's action against him.

██ Defendant first maintains that there was no intent to defraud creditors.

This argument is to no avail. While there may or may not have been any intent to defraud debtor's creditors, the intent of the parties is not a factor to consider when determining whether a particular transfer was a preference. The effect of the transaction, not the intent of the parties, controls. *T.B. Westex Foods, Inc. v. Federal Deposit Insurance Corporation (Matter of T.B. Westex Foods, Inc.)*, 950 F.2d 1187, 1195 (5th Cir.1992).

■ Defendant also asserts that avoiding the payment to him as a preference and requiring him to disgorge it is unfair and unjust. He insists that it is unfair and unjust for him to use his own funds to pay debtor's bills and to get nothing back in return. This assertion, like the previous one, is to no avail. The same could be said of debtor's other general unsecured creditors. While defendant undoubtedly considers such an outcome to be unfair, allowing defendant to retain the funds debtor transferred to him would thwart the prime bankruptcy policy of achieving equality of distribution among all creditors belonging to the same class. Fairness to all creditors belonging to the same class as defendant requires that defendant disgorge the payment he received from debtor and that he receive a *pro rata* distribution from estate assets along with all other general unsecured creditors.

Finally, defendant points out that the chapter 11 trustee informed him during the chapter 11 phase of this bankruptcy case that he would not pursue defendant and seek to avoid and recover the above payment from him. From this defendant apparently would have us infer that the chapter 7 trustee is equitably estopped from pursuing defendant in this adversary action. This assertion is without merit.

■ Estoppel *in pais,* a doctrine which sounds in equity, prevents one from doing an act differently than the manner in which another was induced by word or deed to expect. It recognizes that an informal promise implied by one's words, deeds or representations which leads another to rely justifiably thereon to his own detriment may be enforced in equity. *Kreutzer v. Monterey County Herald Co.*, 560 Pa. 600, 606, 747 A.2d 358, 361 (2000).

We have no way of knowing whether the chapter 11 trustee, who now is deceased, ever made such a representation to defendant. Even if he did, however, the chapter 7 trustee would not be equitably estopped from pursuing defendant in this adversary action.

■ Equitable estoppel consists of two essential elements: inducement and reliance. The inducement may be by words or conduct; the acts that are induced may be by commission or forbearance, provided that a change in condition results which causes disadvantage to the one induced. Equitable estoppel does not apply where the acts in question are the result of one's own will rather than the product of what another did or represented. *Zitelli v. Dermatology Education & Research Foundation*, 534 Pa. 360, 369, 633 A.2d 134, 141 (1993).

■ Neither of these essential elements is present in this instance. The payment in question occurred *before* the bankruptcy case was commenced and *before* the chapter 11 trustee was appointed. It consequently cannot be said that the chapter 11 trustee induced defendant to pay debtor's bills out of defendant's own pocket and that defendant relied on anything the chapter 11 trustee said or did. Defendant's decision to pay out of his own pocket some of the bills for operating debtor's farm was the result of defendant's own judgment and volition.

We conclude in light of the foregoing that the $16,000.00 payment debtor made on May 17, 1999, to reimburse defendant for paying certain of debtor's bills out of

his own pocket is an avoidable preference. Because defendant was the initial transferee of the payment, the chapter 7 trustee is entitled to recover the full amount of the payment from defendant in accordance with § 550(a)(1) of the Bankruptcy Code.

An appropriate order shall issue.

### ORDER OF COURT

**AND NOW,** this **18th** day of **June,** 2001, for reasons set forth in the accompanying memorandum opinion, it hereby is **ORDERED, ADJUDGED,** and **DECREED** that the payment in the amount of $16,000.00 debtor Kenneth Mowry made to defendant Robert Mowry on May 17, 1999 is **AVOIDABLE AS A PREFERENCE.**

**JUDGMENT** in the amount of $16,000.00 therefore is entered **IN FAVOR OF** Robert H. Slone, chapter 7 trustee, and **AGAINST** defendant Robert Mowry.

It is **SO ORDERED.**